Thank you, Your Honor. This is a case where the district court misapplied a departure guideline. The district court departed 30-some months to reach a 10-year statutory maximum, or 120 months, on a voluntary manslaughter conviction. As justification, the district court stated that Morrison's criminal history category was inadequate because a 10-year-old prior assault with intent to commit murder showed a pattern of similar conduct and an unusual preference for a certain type of violence. This departure was erroneous because the prior assault had already been factored into the guideline score, and this court's law generally says that when that is the case, that factor is not a proper departure ground under United States v. Henderson. There is an exception. This circuit has case law supporting upward departures based upon the same or similar misconduct, but those cases involve offenses and circumstances which are factually much different than here. In that, in each of those cases, there was a series of numerous, numerous violations of the same offense as the incident offense. Not as here, one incident of a crime 10 years ago which the court deemed to be similar. Morrison also, other than conceding to the court that these two crimes, the past assault and the voluntary manslaughter, were violent, challenges the similarity label given to these two offenses by the district court. As, Judge, you know, the district court itemized certain similarities, but in my reply brief, I used to submit that these offenses were marked by as many dissimilar details and circumstances as similar details. I believe that similarity analysis was a bit overdone, and Morrison does assert that this factual finding by the court on these, that these were startlingly similar, is clear error, and that the court's decision to then apply that guideline is an abuse of discretion. Now, admittedly, United States v. Mohammed, which was issued by this court in August and reported at 459 Fed 3rd 979, it appears undercuts Morrison's position. As I understand it, after Mohammed, this court now treats sentences involving an upward departure as simply under reasonableness review, and does not focus as much on whether or not the departure ground was valid or correct. I further understand it to mean that even if a court misapplies a departure ground, as I am saying happened here, it is subject to your harmless error review, and if the whole sentence is deemed to be reasonable, then the erroneous departure is then harmless. So what does that leave Morrison here then to argue? I can only assert the additional language in Mohammed, in which this court also ruled that its decision did not mean that the departure system need to be ignored. In fact, it stated, this court stated, that it was entirely proper for district courts and this court to consult the departure system. And it went further and said that when a district court's reasons coincide with allowable departure law, this suggests reasonableness. Morrison then can only argue this, why shouldn't the inverse be true? When a significant reason, as here, was issued for a sentence, and it goes against departure law and authority, why should not that in turn suggest unreasonableness? Here, the district court used an erroneous departure ground to get to a 10-year maximum sentence, and this suggests an unreasonable result. Counsel, how do you distinguish the case of U.S. v. Chavez-Bortello at 905-279, and I'm going to quote from that case. It stated, with respect to upward departures, since the similarity between the prior and current offenses is not considered when computing the criminal history category, departure for this reason is permissible. Doesn't that undermine your position? Well, it does, and that's why, Judge, I emphasize the clear factual distinguishment between this case and that case, because that case did involve numerous prior offenses. I believe it was five previous felonies and three of the same crime, illegal reentry. I hope I'm not misquoting that. The difference is in the number of offenses. Yeah. What is the standard of review to which we are held in reviewing the action of the district court in this case? You've got two offenses here. How many did you say were involved in this other case, how many, four, five? Yes. And so what's the standard of review that we have to apply in reviewing the action of the district court in this case? Well, that's a good question. I realize we're cutting, we're making judgments and we're making and we have to distinguish between what's more serious and not. It's clear, is it not, that the standard that I just read is the standard of this circuit, right? The only question is whether the case is distinguishable based upon the number of instances involved. That appears to be the case. Yeah. May I? Yes, please. All right. Thank you. Counsel from Montana. Good morning, Your Honors. May it please the Court. My name is Marcia Hurd and I'm an Assistant U.S. Attorney for the District of Montana and I'm headquartered in the Billings Office. I handled this case below and I also wrote the appellate brief. In this case, I think that we are clearly bound by the Chavez-Battello case, as the Court has recognized. The difference that Morrison is arguing is the difference in numbers, basically saying that since he only committed these offenses twice, that it makes a difference in terms of being able to argue that this is not a reasonable sentence or that the upward departure shouldn't occur. The United States submits that the numbers aren't what's important here. In this case, Morrison committed an offense some approximately 10 years ago when he was a juvenile and it was transferred to adult court. He spent the majority of that next period of time imprisoned, either on his original sentence or on the revocation that occurred when he did not follow the conditions of that original sentence. And the District Court squarely noted some of the striking similarities between that earlier assault with intent to commit murder and the voluntary manslaughter that he was convicted of here. Counsel, I'd like to ask you the same question that I asked counsel for Mr. Morrison. What, from the government's perspective, is the standard of review that we are applying in this case? Your Honor, you have to review the facts in this case for clear error. And so I think it's a clear error review in terms of the Court's factual finding that these two cases were of such striking similarity that under Chavez-Battello, an upward departure was warranted. The application of that is reviewed for an abuse of discretion. And are you aware of any case law that applies, that basically deals with the numbers issue that the counsel for Morrison mentioned? Are you aware of any other cases where there was a single prior offense where there was an upward departure and case law approved that? I think that Chavez-Battello, there were three instances of the same type of action and there was another case that we cited where a gentleman was impersonating a military officer and once again there were three different occasions of that occurring. But I haven't found any cases that indicate that two such similar crimes isn't enough or that there must be three or more. Okay, when you say there were three, there were three prior offenses in the Chavez-Battello case? In Chavez-Battello, no, I believe there were two prior offenses and that this was his third importing illegal aliens. And so this one would be one prior and then the current offense. So there's one. Exactly. And I don't think that the guidelines and the case law anticipate us making this simply into a numbers game and especially when we're looking at the seriousness of the offenses that were committed in this case. They look at it as a propensity to engage in the same kind of activity. And in this case, we have one person who almost died and another person who did because of that similar violent activity. And so I think that's what the case law wants us to look at rather than the gross numbers of times that it occurred. Do any of the panel members have any other questions with regard to this issue? How do you think Mohammed impacts this case? Well, Mohammed makes a bit of a change from Cantrell, where Cantrell says you have to start by making a proper and correct guideline calculation. And Mohammed seems to suggest that even if the guideline calculation isn't exactly proper, we would look at everything with regard to reasonableness. So I think that Mr. Werner is correct in that it undercuts his position that even if the district court had misapplied that guideline, you would look at that under harmless error review and look at the entire sentence as being reasonable. And in this case, we believe that the sentence the district court gave Morrison, especially given his violent activities on prior occasions and on this occasion, was absolutely reasonable. Okay. Do you believe that, assuming for a moment, that the upward departure is justified by the rule, do you believe the district court was justified in moving the criminal history score all the way from 4 to 10? Well, I think what he was looking at was trying to capture a full flavor of Morrison's only getting three points for that criminal history that he had for that prior violent assault and then not getting criminal history points for various other things, including the revocation and the problems that he had during the revocation. And we believe that it was justified. I understand. I think we're all on the same page here. The court was justified in applying this. The question I'm asking is a question of quantity. Was the court justified in moving from 4 to 10? What's the government's position on that? We believe that was also reasonable. Basically, he added six additional criminal history points and moved it up and indicated that the court didn't even believe that that was actually reasonable because the sentence he could impose was only 120 months and that that wasn't justified. But it appeared that the court was interested in being able to at least capture what it considered was the full flavor of the offense in this case. But we believe that moving it up was justified by the record in this case and by the district court's factual findings. Okay. If there are no additional questions? There are not. But thank you very much. Okay. Thank you. Just a few points, Your Honor. The cases that were cited that were noted as an exception to the general rule, Chavez-Botelho, Marino, and Segura del Rio. In Chavez-Botelho, it was an illegal reentry offense, and this was his third appearance in court on that same charge. In Marino, it was an absconding to avoid prosecution defense, which he had repeatedly committed in the past, the very same. I didn't get that, Your Honor, just repeatedly, numerous. In Segura del Rio, it was, again, an illegal reentry, where he had 17 prior convictions and several immigration violations and one prior illegal reentry. So that was kind of the context. I want the Court to know that Morrison is not arguing that the district court imposed an unreasonable sentence because it failed to give specific reasons or it failed to show consideration of the required statutory factors. Rather, what Morrison is arguing is that the district court's reasons were flawed and the sentence was not reasonable because of that for two reasons. So you're just arguing that he misapplied the law, are you not? I am. And on that, our review is de novo as to whether it's permissible. Yes, Your Honor. Yes. And for two reasons I'm arguing that. One, which I haven't emphasized so far but which was in the brief, that the district court judge gave very short shrift to the extreme amount of physical abuse Morrison had suffered in his childhood and basically responded to that information as saying that this information only compels me to believe he needs to be incarcerated. Counsel, can I address that? Yes. In sentencing, Mr. Morrison, the Court, I'm quoting here, recognized that Mr. Morrison needed treatment to address his physical abuse during his years of childhood. Yes. That's in the record at 507 and 508. Yes. And what more could the district court have done to demonstrate that it had considered his background and his childhood background in sentencing? Judge, I think it did consider it. I just don't think that it considered in the right. I mean, to the judge it just meant I have to incarcerate him more, whereas I think it could have triggered in him some more understanding and leniency in the sentence. That's a possibility, but you concede that the court did consider this, did weigh it, and whether you agreed with the court or not, the court considered it. That's right, and that's really not a ground for my argument. And, of course, the second ground I'm saying, of course, is that it was flawed because the court heavily relied upon a ground which has not supported increases in sentences from the guideline range, at least in this fashion. And to me it doesn't make sense to then say, nevertheless, okay, that's all right, the sentence is reasonable. I also think it says that the years of work by the Sentencing Commission and courts in determining what grounds justify upward departures and outside guideline sentences are basically shelved. So I think that type of analysis has to be carefully reviewed by this court. Okay. Thank you. We appreciate the very good arguments on both sides, and the case argued is submitted.
judges: Goodwin, Fisher, Smith